# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| TYREIK LARRY WATSON, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. CV416-145 |
| ) | CR413-128 |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## SUPPLEMENTAL REPORT AND RECOMMENATION

This Court recently illuminated filing-date discrepancies in Tyreik Larry Watson's 28 U.S.C. § 2255 motion. *Watson v. United States*, 2016 WL 3581938 at * 1 (S.D. Ga. June 27, 2016). Those discrepancies suggested that Watson engaged in date-manipulation to defeat 2255(f)(1)'s one-year limitations period. Warning him not to perjure himself, the Court directed him to file a "*Mingo* Statement"[1] by July 13,

---

[1] See *Mingo v. United States*, 2014 WL 5393575 (S.D. Ga. Oct. 23, 2014) (sending movant Mingo a special 28 U.S.C. § 1746 Declaration form for him to "affirm or rebut" his appointed lawyer's assertions on his claim that counsel ignored his directive to file an appeal), cited in *Marshall v. United States*, 2015 WL 3936033 at * 2 (S.D. Ga. June 26, 2015) ("It is this Court's practice to request sworn affidavits or 28 U.S.C. § 1746 Declarations from allegedly errant lawyers and movants before a hearing.").

2016. *Id.* at * 2 (citing *Williams v. United States*, 2016 WL 3194368 at * 2 (S.D. Ga. June 6, 2016)).

When Watson failed to comply, the Court advised that his § 2255 motion (doc. 52) be dismissed without prejudice. *Watson v. United States*, 2016 WL 4004662 at * 1 (S.D. Ga. July 26, 2016). In an untimely response, he claims that he "signed and mailed my original 28 U.S.C. § 2255 on or around August 6, 2015.[2] The reason for the uncertainty is I did not keep a signed copy of the original mailing. The reason that I re-submitted the § 2255 was due to the Court never responding to the original filing." Doc. 7 at 1 (footnote added).

Yet, on the very same § 2255 form motion that he filed, Watson checked "no" when one of the motion's questions asked: "Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?" *Id.* at 2 ¶ 10. He also checked "no" when asked if he had any other "motion, petition, or appeal *now pending* (filed and not decided yet) in any court for the judgment you are challenging?" Doc. 52 at 10 ¶ 14 (emphasis original).

---

[2] If accepted as true, his § 2255 motion would be timely filed. *See Watson*, 2016 WL 3581938 at * 1.

2

Nor does Watson even attempt to reconcile the *three* different signature dates spread over the concluding pages of his § 2255 motion, which is file-stamped June 14, 2016. Doc. 52 at 1, 13-14. The Court has also checked its own docket and PACER and finds that no other § 2255 motion has been filed. Nor, finally, does this defendant proffer any explanation for why he waited so many months to re-file his § 2255 motion if in fact he truly believed what he now implies -- that the version that he mailed on August 6, 2015 got lost in the mail.

In short, the Court does not believe him. It thus incorporates its prior Report and Recommendation that this case be **DISMISSED**.

**SO REPORTED AND RECOMMENDED**, this  10th   day of August, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA